**Mesbahul ISLAM, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70572.

IN & S No. A70 503 072.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2001.*

Decided April 11, 2001.

---

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repeals 8 U.S.C. § 1105(a) and replaces it with a new judicial review provision codified at 8 U.S.C.

§ 1252. However the new provision does not apply to this case. *See* IIRIRA §§ 306(c)(1), 309(a).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERGUSON, SILVERMAN, Circuit Judges, and BREYER,** District Judge.

## MEMORANDUM ***

Mesbahul Islam, a native and citizen of Bangladesh, appeals the Board of Immigration Appeals's final order denying his request for asylum and withholding of deportation. The BIA found that Islam had not established persecution. We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1105(a), as amended by § 309(c)(4)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208,[1] and we deny the petition for review. Since both of the parties are familiar with the facts, we will not recite them in this decision.

■ Because the BIA conducted a de novo review, we review the decision of the BIA. *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995). We must affirm the BIA's decision if there is reasonable, substantial and probative evidence to support the decision based on the record as a whole. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The decision can be reversed only if the evidence presented by Islam is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Id.* at 484.

■ To establish eligibility for asylum, Islam must demonstrate both an objective-

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ly reasonable and subjectively genuine fear of persecution due to his political opinion. *Meza–Manay v. INS*, 139 F.3d 759, 763 (9th Cir.1998). Here, the evidence does not compel the conclusion that he has a well-founded fear of persecution from the BNP government.

█ Islam testified about two events: that BNP agents threatened to harm him at his office and that young boys chased him in the street when he returned to Bangladesh. Persecution is an extreme concept. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996). The harassment to which Islam testified does not rise to the level of persecution. He was never arrested, detained or harmed. Furthermore, he returned to Bangladesh at least once after leaving in 1991, without incident. Also, his wife and child, who still live in Bangladesh, have never been harmed. Finally, the record supports the BIA's conclusion that members of the Jatiya party are able to openly practice their politics in Bangladesh. The evidence does not compel a conclusion that Islam has an objective, well-founded fear of persecution.

Because Islam has not established eligibility for asylum, he has not met the higher burden of proving that he is entitled to withholding of deportation. *Marcu v. INS*, 147 F.3d 1078, 1083 (9th Cir.1998).

PETITION FOR REVIEW DENIED.